UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WARNER MARTIN MICHELS,

                Plaintiff,

      -vs-                    **No. 1:15-CV-00688 (MAT)**
                                      **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Warner Martin Michels ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] (the "Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff protectively filed an application for DIB in May 2012, alleging disability as of February 1, 2011 due to a learning disorder, attention deficit disorder, and anxiety. Administrative Transcript ("T.") 144-52, 186. Plaintiff's application was initially denied. T. 69-76. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Grenville W. Harrop, Jr. on August 8, 2013. T. 26-54. On May 28, 2014, ALJ Harrop issued a decision in which he found that Plaintiff was not disabled as defined in the Act. T. 12-21. On June 10, 2012, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 1-6. This action followed.

## III. The ALJ's Decision

Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act though December 31, 2016. T. 14. At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 1, 2011, the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff suffered from the severe impairments of anxiety, depression, and attention-deficit hyperactivity disorder ("ADHD") and the non-severe impairment of hyperlipidemia. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of

2

impairments that met or medically equaled the severity of any listed impairment. T. 15. The ALJ particularly considered section 4.00 (cardiovascular impairments) and Listings 12.04 (depressive, bipolar, and related disorders) and 12.06 (anxiety and obsessive compulsive disorders) in reaching this determination. T. 15-16.

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations: minimal to no limitations in the ability to follow and understand simple directions and to perform simple tasks independently; moderate limitations in the ability to maintain attention and concentration, to keep a regular schedule, to learn new tasks, to perform complex tasks independently, to make appropriate decisions, to relate adequately with others, and to appropriately deal with stress. T. 15-16.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. T. 20. At step five, the ALJ relied on the testimony of a vocational expert to conclude that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id*. Accordingly, the ALJ found Plaintiff not disabled. T. 21.

## IV. Discussion

### A. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff makes the following arguments in support of his motion for judgment on the pleadings: (1) the AlJ failed to properly consider Plaintiff's learning disorder; (2) the ALJ's RFC finding was not in functional terms and therefore frustrates meaningful review; and (3) the ALJ's credibility determination was

4

not supported by substantial evidence. For the reasons set forth below, the Court finds that remand of this matter for further administrative proceedings is necessary.

**B.     Consideration of Plaintiff's Learning Disorder**

Plaintiff's first argument is that the ALJ failed to properly consider his learning disorder at step two. For the reasons discussed below, the Court agrees that the ALJ erred at step two, and that remand is warranted on this ground.

The evidence of record in this case amply supports the conclusion that Plaintiff has a learning disorder. Plaintiff was assessed with a learning disorder in elementary school, participated in special education classes, and graduated in 1987 with an individualized education program ("IEP") diploma. *See* T. 43, 187, 700-701, 713-16.   Suburban Adult Services, Inc., a social services organization, provided Plaintiff with a job coach from May 2004 to June 2013.  T. 227-395.  Consultative physician Dr. Abrar Siddiqui examined Plaintiff on July 3, 2012.  T. 838-40. Dr. Siddiqui assessed Plaintiff with a learning disorder.  *Id*. Consultative psychologist Dr. Renee Baskin also examined Plaintiff on July 3, 2012.  T. 835-37.  Dr. Baskin observed that Plaintiff's intellectual functioning was in the borderline range. T. 836.  At the hearing, the ALJ expressly referenced Plaintiff's learning disorder, asking Plaintiff if it and his ADHD were the reason he was in special education classes. T. 43.

5

Despite these copious references in the record to Plaintiff's learning disorder, at step two of the five step analysis, the ALJ made no mention of this impairment, nor did he assess its severity. This was indisputably error. At step two, an ALJ is required to consider whether a claimant's medically determinable impairments are severe or non severe. An impairment is an "'anatomical, physiological, or psychological abnormalit[y] . . . demonstrable by medically acceptable clinical and laboratory techniques.'" *Showers v. Colvin*, No. 3:13-CV-1147 GLS, 2015 WL 1383819, at *4 (N.D.N.Y. Mar. 25, 2015) (quoting 42 U.S.C. § 423(d)(3)). An impairment is non-severe "if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). "Basic work-related mental abilities include understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervisors, coworkers, and usual work situations; and dealing with changes in a routine setting." *Miller v. Berryhill*, No. 6:16-CV-06467(MAT), 2017 WL 4173357, at *7 (W.D.N.Y. Sept. 20, 2017). In this case, the ALJ did not mention Plaintiff's learning disorder at all at step two, and therefore plainly did not apply the proper legal standard in assessing whether it was severe or non-severe.

The Commissioner contends that substantial evidence of record supports the conclusion that Plaintiff's learning disorder was non-severe. While this is arguably true, it is also "a *post hoc* rationalization that is not apparent from the face of the ALJ's decision." *Hall v. Colvin*, 37 F. Supp. 3d 614, 626 (W.D.N.Y.

6

2014). It is well-established that "[a] reviewing court may not accept . . . counsel's *post hoc* rationalizations for agency action." *Id.* (quotation omitted). It is not the role of this Court to weigh the evidence of record and determine in the first instance whether or not Plaintiff's learning disorder constituted a severe impairment - that task falls to the ALJ, who failed to fulfill his obligation in this case. Nor is this is a case in which "application of the correct legal standard could lead to only one conclusion." *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (quotation omitted). To the contrary, Dr. Baskin's opinion arguably supports the conclusion that Plaintiff's learning disorder was in fact a severe impairment. Under these circumstances, it would be speculative for this Court to concluded that, had he applied the appropriate legal standard, the ALJ would have determined that Plaintiff's learning disorder was non-severe.

The Commissioner also contends that the ALJ's error was harmless, because he found that Plaintiff had other severe impairments and continued with the sequential analysis. While it is true that "[c]ourts have held that error at step two in determining the severity of impairments is harmless if the ALJ finds at least one other severe impairment and continues through the sequence of the disability analysis because the non-severe impairments can later be considered at the RFC stage," this analysis "does not always apply, especially in relation to a mental impairment." *Howard v. Comm'r of Soc. Sec.*, 203 F. Supp. 3d 282, 297 (W.D.N.Y. 2016). In particular, where the Court cannot

7

conclude that the ALJ considered all of Plaintiff's impairments in formulating his RFC finding, an error at step two is not harmless. *Id*. at 298 (collecting cases).

Here, the Court cannot conclude that the ALJ considered all of Plaintiff's impairments in formulating his RFC finding. Not only did the ALJ make no mention of Plaintiff's learning disorder at step two, he also did not discuss anywhere in his decision. Notably, in listing Plaintiff's claimed impairments, the ALJ identified only "depression, anxiety, and ADHD" (T. 17), despite the fact that Plaintiff had alleged a learning disorder in his application and had told both Dr. Baskin and Dr. Siddiqui that he had a learning disorder. This omission by the ALJ further supports the conclusion that his lack of consideration of Plaintiff's learning disorder was not limited to step two, but continued throughout the analysis.

The ALJ's failure to consider Plaintiff's learning disorder is also not cured by his consideration of Plaintiff's other mental impairments. *See Howard*, 203 F. Supp.3d at 298 ("While the ALJ's functional limitation assessment for Plaintiff's depression could, in theory, draw from the same sources in the record and be substantially similar to that which the ALJ would have assessed for Plaintiff's alleged-borderline intellectual functioning, it would be overly speculative on the part of the Court to say as much definitively."). As such, the Court finds that remand of this matter for a proper step two analysis is necessary.

### C. Plaintiff's Remaining Arguments

The ALJ's error at step two, discussed above, is a sufficient basis for reversal of the Commissioner's decision and remand for further proceedings. Because, on remand, the ALJ will have to perform a new sequential evaluation, the Court need not address Plaintiff's remaining arguments, which concern later steps in the evaluation.

### V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 8) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 12) is denied. In light of the fact that Plaintiff initially filed his application in 2012 (nearly six years ago), on remand, the Commissioner is instructed to consider Plaintiff's claims on an expedited basis, to be completed no later than October 31, 2018. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: February 28, 2018
Rochester, New York.