UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WARNER MARTIN MICHELS,

                        Plaintiff,          **DECISION AND ORDER**

                                            **1:15-CV-00688-MAT**
            -vs-

ANDREW SAUL,[1]
Commissioner of Social Security,

                        Defendant.
_____

## I.      Introduction

Plaintiff has filed a Motion for Attorney's Fees, seeking the amount of $19,535.38, pursuant to 42 U.S.C. § 406(b).  Docket No. 20.  Defendant has filed a response, indicating that he does not object to Plaintiff's request.  *See* Docket No. 26 at 4.  The matter is now fully submitted and ready for decision.  Docket No. 27.  For the reasons discussed below, Plaintiff's motion is granted.

## II.     Background

On February 28, 2018, this Court reversed the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB"), and remanded the matter for further proceedings.  *See* Docket No. 16.  On June 14, 2018, the Court signed a stipulation entered into by the parties, whereby

---

[1]

On June 17, 2019, Andrew Saul became the Commissioner of Social Security. Accordingly, his name is substituted for the originally-named defendant in this action. *See* Fed. R. Civ. P. 25(d).

Plaintiff was awarded $7,775.53 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in full satisfaction of his claim pursuant to the EAJA, for his attorney's services performed in connection with this action.  Docket No. 19.

Subsequently, on April 10, 2019, Plaintiff received a Notice of Award from the Social Security Administration (SSA) indicating that he would be awarded $78,141.52 in past due benefits.[2]  Docket Nos. 20-1 at 1, 20-2 at ¶ 12 & 20-4.

Pursuant to the fee agreement signed by Plaintiff, his attorney is entitled to 25 percent of his past due benefits.  *See* Docket Nos. 20-1 at 5, 20-2 at ¶ 18 & 20-5.  Based on the above-referenced award of benefits, the amount due to Plaintiff's attorney pursuant to the fee agreement would be $19,535.38.  *See* Docket Nos. 20-1 at 1; 26 at 3-4.  Plaintiff's attorney has requested a fee equal to this amount.  *See* Docket No. 20. Plaintiff's attorney has already received the sum of $7,775.53 pursuant to the above-mentioned EAJA application and stipulation, and she states that she will refund this fee to Plaintiff once the

---

[2]
The Notice of Award states that "[w]hen processing your claim we found we needed more information.  To decide how much your benefits will be for July 2011 through March 2019, we need more information about your ability to manage your funds.  When we get that information, we will decide the amount of your past-due benefits and send another letter telling you how much the representative can charge."  Docket No. 20-4 at 4.  The Notice further provides that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee," and that it withheld $19,535.38 from Plaintiff's past due benefits.  *Id*.  The amount of $78,141.52 for Plaintiff's past due benefits is calculated by multiplying $19,535.38 (the 25 percent fee) by four.  On August 10, 2019, the SSA advised that Plaintiff would soon receive a check for $58,606.12 because the SSA withheld $19,535.38 to pay Plaintiff's attorney.  *See* Docket No. 26-1 at 8.

instant request is granted.  Docket No. 20-1 at 8.  Plaintiff's

attorney has submitted the award notice (Docket No. 20-4), the fee

agreement (Docket No. 20-5), and her time records to date (Docket

No. 20-2 at ¶ 15).

**III.  <u>Discussion</u>**

Title 42, Section 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a
> claimant under this subchapter who was represented before
> the court by an attorney, the court may determine and
> allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total
> of the past-due benefits to which the claimant is
> entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(l)(A).

"When a contingent fee has been agreed to by the parties, the

district court must determine whether the fee is reasonable[,]"

"giv[ing] due deference to the intent of the parties" while "not

blindly approv[ing] every fee request made pursuant to a contingent

agreement."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Mathematical calculations are not required, but the district court

should determine whether the contingency percentage is within the

25 percent cap.  *Id*. In addition, it should consider "whether there

has been fraud or overreaching in making the agreement" and

"whether the requested amount is so large as to be a windfall to

the attorney."  *Id.* (citations omitted).

Here, the amount due to Plaintiff's attorney pursuant to the

fee agreement would be $19,535.38.  Plaintiff requests a fee

$19,535.38, which is exactly 25 percent the total past-due benefits awarded. Therefore, the contingency percentage is within the 25 percent cap authorized by § 406(b).

Given that Plaintiff's attorney has not requested an increased fee amount, the Court concludes that there is no evidence of fraud or overreaching. The Court also agrees with Defendant that the amount requested does not appear to be so large as to be a windfall to the attorney. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *see also* Docket Nos. 20-2 at ¶ 15 & 26 at 4. Plaintiff's counsel and her firm have worked on this case for over a seven-year period. *See* Docket No. 20-1 at 7. She and her co-counsel have spent a total of 39.53 hours preparing Plaintiff's case before the federal district court (*see* Docket No. 20-2 at ¶¶ 15-16), which yields an hourly fee of $494.19 (*see* Docket Nos. 20-1 at 6 & 26 at 4), and is reasonable under the circumstances. *See, e.g., Smith v. Saul*, No. 18-CV-148F, 2020 WL 90761, at *2 (W.D.N.Y. Jan. 8, 2020) (approving attorney fee award of $22,838.88, which resulted in an hourly rate of $613.95). As explained above, Plaintiff's counsel was successful in securing benefits for Plaintiff.

**IV.      Conclusion**

For the reasons discussed above, the Court grants Plaintiff's Motion for Attorney's Fees (Docket No. 20). Plaintiff is awarded attorney's fees in the amount of $19,535.38, which represents 25 percent of the total past due benefits awarded to Plaintiff.

The Commissioner is directed to release these funds.  Upon receipt of the § 406(b) fee, Plaintiff's counsel shall return to Plaintiff the previously-received $7,775.53 in attorney's fees paid pursuant to the EAJA.

**IT IS SO ORDERED**.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    January 16, 2020
             Rochester, New York